JULY 28, 1801.

# Robert Johnson *et al. v.* James Brown and John Breckinridge.

*Upon an appeal from a decree of the Franklin District Court.*

1. Where an entry calls for a beginning point one-half a mile above the mouth of G.'s creek, it will be presumed that the locator intended to locate land on G.'s creek, and not on the water course into which G's creek emptied.

2. Where the beginning point in an entry is one-half mile above the mouth of a water course, the half mile is to be measured in a straight line and not by the meanders of the water course, unless the contrary intention appears.

3. Where the calls of an entry were "beginning one-half mile above the mouth of G.'s creek—to include both sides—and north for the largest part"— *Held:* The survey should be a square lying in equal parts on each side of a north and south line, passing through the beginning—the south line lying only so far from the half-mile point as to be all on the south side of the creek.

In construing the entry on which the claim of the appellees is founded, several real difficulties arise. The first call—beginning one-half mile above the mouth of Grier's creek—leaves it uncertain, whether half a mile from the mouth of that creek, or half a mile from its mouth on the water course into which it empties, or what particular point, was intended by the locator. But in the subsequent calls—to include both sides—and north for the largest part—Grier's creek must necessarily be understood, no other object being named in the entry; so likewise Grier's creek must be understood or repeated in the first call. No person, on reading the entry, could imagine, that the water course into which Grier's creek empties, was meant in the two last-mentioned calls; and it would be equally improbable to suppose, that it was intended in the first call; it would seem, that up one of the adjacent hills, might, with the same propriety, be conjectured to be meant. For the same reasons which have influenced many former decisions, the appellees' survey ought to have been a square. And from the last call in the entry, the lines of their survey ought to have been run to the cardinal points, as the magnetic needle would have directed them at the time their entry was made. But as the entry does not

4

expressly authorize their survey to extend either to the east or the west from the beginning called for therein, a second difficulty presents itself. This, it seems to the court, can no otherwise be solved than by making the beginning called for in the entry the middle of the south line of the survey, similar to what was directed in the case of *Miller's Heirs* against *Fox's Heirs*, and in several other cases. From the expression—beginning one-half mile above the mouth of Grier's creek—a presumption indeed arises, that the locator meant to extend the survey up the creek from the beginning. But the presumption would certainly be weakened, in proportion as the distance called for should be increased. Or, to say the least, if this was his meaning, it is not necessarily implied in the words of the entry, and therefore can not be legally admitted. A third difficulty also occurs. The entry requires that the survey should include both sides of Grier's creek; to do which, it may so happen, that from the form of the meanders of that water course, the south line of the survey will be a considerable distance from the beginning called for. If on experiment it should be found to be so, it will be a circumstance which, it can not be presumed, was contemplated by the locator; and to make all three calls of the entry have some effect, it will be necessary to depart from the literal import of the second call, and run the south line as near as possible to the point in Grier's creek, which is half a mile above its mouth, so that the whole of that line shall be on the south side thereof: and then the call—north for the largest part—may also be complied with. That is to say, the survey should be a square, lying in equal parts on each side of a north and south line passing through the beginning—the south line only so far from the said half mile point as to be all on the south side of the creek so far as it shall be opposite thereto—and the survey extended north for quantity. It yet remains to be considered, how the termination on Grier's creek, of the half mile called for in the appellees' entry, and the two miles in that of the appellants, ought to be ascertained. It still is the opinion of this court, that conformably to the decisions of the district court and court of appeals, in the case of *Johnson, &c.*, against *Rowland*, the distances ought to be measured on a direct course. It is conceived, that in determining distances by land, to follow the meanders of water courses, is too rare and ridiculous to authorize a general rule for the construction of entries; so that in all cases, where it is not otherwise expressed or implied in the entries there can be no rational alter-

Johnson *v.* Brown.

native, but to presume that, either a direct course, or the nearest passable rout, was intended. Where impassable obstructions lie in the direct course, it may be unreasonable to presume that a direct course was intended by the locator. But such obstructions must be delineated by survey, in aid of other evidence to produce the best evidence the nature of such cases will admit; which has not been done in the present suit. Therefore, the court is of opinion, that the beginning called for in the entries of the parties to the suit, must be fixed by measuring on direct courses from the mouth of Grier's creek. And it is only further necessary to observe, that it appears, from inspection of the surveyor's report, that if the appellants had made their survey conformably to their entry with the surveyor, there would not have been any interference with the survey when made conformably to this opinion. It may not, however, be improper to add, that it can not justly be objected to this opinion, that part of the survey of the appellees will thereby be extended over a considerable water course, and out of the county wherein their entry was made; because the land law does not prohibit an entry from being so made; and because it can not be legally presumed, that the locator had a meaning different from what is expressed or implied in an entry.

Wherefore, it is decreed and ordered, that the said decree of the district court be reversed, and that the appellants recover of the appellees their costs in this behalf expended. And it is further decreed and ordered, that the cause be remanded to the court from whence it came; that it cause the quantity, the metes and the bounds of the interference of the surveys of the parties on record to be ascertained, so far as it shall be found to be included within a survey made conformable to this opinion, and enter up a decree for the appellees for the same, and also make such other decrees and orders in the cause as law and equity may require, which is ordered to be certified to the said court.