CHARLES K. FERRIS ET AL. *v.* AYRES L. BRAMBLE ET AL.

In May, 1851, the court of common pleas had jurisdiction to revise, on certiorari, the proceedings of township trustees in establishing and opening a township road. The remedial statute conferring this jurisdiction, was entitled to a liberal construction.

It is essential to the validity of the proceedings of township trustees, ordering a view and the establishment of a township road, that the record should show either that the notice of the application required by the statute was duly given, or that the trustees, before ordering the view, were satisfied that such notice had been given, the notice being a step which is essential and *precedent* to the exercise of the power.

In case of the assessment of damages for laying out a road over the lands of any person, the damages or compensation for the land necessary to be taken, must be paid or tendered in money, or secured to be paid to the *acceptance* of the owner, before the opening of the road can be ordered.

A township road, in this State, is a public highway, and subject to the use of all having occasion to travel it, and may be highly necessary to enable the person or persons most immediately and directly interested in it, to discharge properly, and without trespassing on their neighbors premises, many of the public duties enjoined upon them as citizens of the State. In the establishment of such roads, therefore, by the exercise of the right of eminent domain, private property may be made subservient to the *public welfare*, on payment of a compensation therefor in money.

WRIT of certiorari to the Court of Common Pleas of Hamilton county. Reserved in the District Court.

The following are the material facts in the case :

On the first day of April, 1850, Ayres L. Bramble, the defendant in certiorari, petitioned the trustees of Columbia township to establish a road from the south line of his farm, on which he lived, southerly, through the lands of the heirs of Joseph Fer-

ris, deceased, to intersect the Cincinnati, Columbus and Wooster turnpike road. The petition was signed by Bramble alone.

On the second day of April, 1850, two of the trustees directed an order to three viewers, to report as to the opening of said road, etc. The viewers reported in favor of establishing the road, and assessed the damages of Joseph Ferris and Charles Ferris, two of several heirs of Joseph Ferris, deceased, at one hundred and sixty dollars each.

On the 18th of April, 1850, Bramble and another executed a bond to secure to the heirs of Joseph Ferris, the damages assessed by the viewers in favor of Joseph and Charles.

On the same day, two of said trustees issued an order to open said road, the third trustee not being present.

A writ of certiorari was allowed by the court of common pleas to reverse the proceedings of the trustees, and at May term, 1851, said writ was dismissed by the court for want of jurisdiction.

A writ of certiorari was then allowed to the common pleas by the supreme court in Hamilton county, which was subsequently transferred to the district court, as its successor, and was reserved for decision in this court.

Among the errors assigned by plaintiffs in certiorari, are the following:

1st. The court of common pleas erred in dismissing the writ of certiorari for want of jurisdiction.

2d. The proceedings do not show that any notice was given of the application for the road.

3d. The giving bond for damages was not such a compensation in money as the constitution requires.

4th. The appropriation was authorized because the proposed road is not one for *public use*, but merely for the private convenience of said Bramble, and is not such an appropriation to *public use* as the constitution contemplates.

*Woodruff & Hopkins*, for plaintiffs in certiorari.

Upon the question of notice, see 3 Green's Ch. Rep. 57 ; 6 Paige's Ch. Rep. 83 ; 1 Green's Ch. Rep. 157.

The giving bond for the damages was not a compliance with the constitutional requisition that compensation should be made in money.   6 Paige Ch. Rep. 83 ; 14 Ohio Rep. 174.

All three trustees ought to have been present to make a legal order to open the road.   4 Denio 126 ; 23 Wend. 324; 21 Wend. 178 ; 6 Serg. and Rawle 170.

The road was not one for *public use,* and the appropriation of the road-way was not for such *public use* as the constitution contemplates.   6 Paige's Ch. Rep. 83 ; 5 Paige's Ch. Rep. 5, 159 ; 11 Wend. 149 ; 1 Domat Civ. L., b. 1, tit. 2, sec. 13 ; Tho. U. J. 171.   For case precisely in point, see 4 Hill 140.   See also 2 Pet. 657 ; 18 Wend. 59 ; Art. 8, sec. 4, Const. ; 4 Ohio Rep. 287; 5 Ohio Rep. 118, 139, 391, 485 ; 7 Ohio Rep., Pt. 2, 114 ; Wright's Rep. 132 ; 3 Yerg. Rep. 41, 51 ; 10 Watt's Rep. 63 ; 6 Hill 47 ; 3 Comst. 517 ; 2 Kent's Com.; 5th ed., 13, note C, 340 ; 19 Wend. 659 ; 2 Swan's Rep. (Tenn.) 540 ; 4 Dev. R. 15 ; 5 Barb. 483.

The common pleas had jurisdiction.   3 Ohio Rep. 383 ; 7 Ohio Rep., Pt. 2, 138 ; 9 Ohio Rep. 142.

*Charles Fox,* for defendants in certiorari.

The court will not presume that the board of trustees opened, or ordered this road to be opened, without first having the necessary proof of notice that application would be made therefor ; the presumption should be the other way.

All the preliminary steps need not appear in the record of the proceedings of such local boards.   4 Ohio Rep. 82; 5 Ohio Rep. 489 ; 17 Serg. & Rawle 388 ; 4 Gilman 499 ; 7 Dana 480 ; 5 Burney 484 ; 5 Wharton 445 ; 21 Maine 408.

The appropriation of the road-way was to the public use, and was authorized by the constitution.

The New York cases about private roads have nothing to do with this case.   There, a local road is a private road, and can only be used by the party who applies for and makes the road ; but in Ohio, a township road, when open, is open for the public to travel upon.

BARTLEY, J.   This case originated under the former constitu-
tion of the State, and, after the present constitution took effect,
was transferred from the supreme court of Hamilton county to
the district court of that county, from which court it came here
by reservation.

The proceeding in the common pleas was certiorari, to revise
the proceedings of township trustees, in the establishment of a
township road.   That court dismissed the case for want of juris-
diction, and it is alleged that there was error in this.

The court of common pleas had jurisdiction, by certiorari, to
revise the proceedings of inferior tribunals, and jurisdiction of all
other writs necessary for the due administration of justice.   The
remedial statute conferring this jurisdiction was entitled to a
liberal construction.   In *Burrows* v. *Arthur, Vandevier and
others*, 3 Ohio Rep. 383, the Supreme Court entertained juris-
diction, by certiorari directed to the county commissioners, to
review their proceedings on an application for the establishment
of a county road.   By the rule of interpretation adopted in that
case, certiorari would lie in the common pleas, to correct the
errors of township trustees, as well as county commissioners, and
all inferior tribunals authorized by law to pronounce judgment
upon any matter before them.   The common pleas, therefore,
erred in dismissing the certiorari in this case, for want of juris-
diction.

Numerous other errors are assigned, some of which it is
deemed proper to decide in this case.

1st. That the proceedings of the township trustees do not show
that any notice was given of the application for the road.   It is
essential to the validity of the proceedings of township trustees,
ordering a view and the establishment of a township road, that
the record should show, either that the notice of the application
required by the statute was duly given, or that the trustees,
before ordering the view, were satisfied that such notice had been
given, the notice being a step which is *essential* and *precedent* to
the exercise of the power.

2d. That the giving bond for damages occasioned by the road,
was not such a compensation in money as the constitution re-

quired, and that tender of payment, or a deposit long after the action of the trustees, could not cure the defect in the original proceedings. In case of the assessment of damages for laying out a road over the lands of any person, the damages or compensation for the land necessary to be taken must be paid, or tendered in money, or secured to be paid, to *the acceptance* of the owner, before the opening of the road can be ordered.

3d. That the proposed road was not for *the public use*, but merely the private convenience of the petitioner, and that, therefore, the land taken for it was not such an appropriation to the *public use* as the constitution authorized. A township road in this State is a public highway, and subject to the use of all persons having occasion to use it; and it may be highly necessary to enable the person or persons most immediately and directly interested in it, to discharge properly, and without trespassing on their neighbor's premises, many of the public duties enjoined upon them as citizens of the State. In the establishment of such roads, therefore, by the exercise of the right of eminent domain, private property may be made subservient to the *public welfare*, on payment of a compensation therefor in money.

Judgment of the common pleas reversed, and the proceedings of the trustees of Columbia township, Hamilton county, set aside.