# Common Pleas of Philadelphia.

### SNOW VS. DILL.

A non-resident of the State is not entitled to the benefit of the Exemption Law of 1849.

Case stated.

Opinion by THAYER, P. J. December 28, 1878.

The learned judge who delivered the opinion of the Supreme Court in Yelverton vs. Burton, 2 Casey, 354, declared that foreign debtors are neither within the spirit nor the letter of the Exemption Law of 1849. "We do not," said he, "legislate for men beyond our jurisdiction. The Act of 1849 was designed for our own citizens—for the families of the poor who are with us," and the remark was quoted with approval by Mr. Justice Sharswood in McCarthy's Appeal, 18 Smith. 219. The point decided in Yelverton vs. Burton was that a debtor proceeded against by foreign attachment could not claim the benefit of the exemption law as against the foreign attachment, because the act only exempts property from levy and sale on *execution*, or by distress for rent, and a foreign attachment is not an execution. In McCarthy's Appeal it was decided that an absconding debtor who brings himself within the domestic attachment law can not claim the benefit of the exemption law. These cases therefore while they contain a strong expression of opinion upon the point now before the court, can not be said to rule it. But there are strong reasons for holding that non-residents do not come within either the policy or the provisions of the exemption law. All laws of this character may be said to constitute a system of poor laws for the State, to be intended for the protection of the poor of our own State, and not to operate in favor of non-residents whose property is generally beyond the reach of the process of our courts. Except for the protection afforded by those laws to our own people many debtors might be reduced to such a state of destitu-

tion as to make it necessary to subsist them at the public charge, a consideration that can only apply to residents of our own State. Again, the officer making the levy is liable to an action if he violates this law, a conclusion which is predicated upon the presumption that he has or may acquire a knowledge of the property of the persons intended to be protected, which cannot well be if they are non-residents. Upon these grounds it has been decided in some of the other States of the Union that an exemption law, like that now under consideration, has no application to debtors residing beyond the limits of the State: Hawkins vs. Pearce, 11 Humphreys, 45; Rice vs. Allen, 1 Sneed, 50. We think these cases were well decided, and that it was not the intention of the Legislature to extend the benefit of the exemption law to non-residents. It is a law intended for the benefit of our own poor exclusively. The reasons and objects of the law do not extend to the residents of other States. We are under no obligation to legislate for them. The exemption law is intended for the benefit of a certain class of our own citizens, and not for foreign residents.

This point being determined in favor of the plaintiff it is unnecessary to decide the other point raised in the case stated.

Judgment for the plaintiff on the case stated for $136.33.—*Intelligencer.*

---

The Supreme Court of Tennessee, in the case of Bivins vs· Jarnigan, reported in vol. 111 of Baxler's Reports, hold that a conveyance to a mistress made by an old, infirm man, shortly before his death, who was living away from his lawful wife and family with his mistress, was presumptively made under undue influence, and therefore should be set aside.