Shauck, J.
The complaint of the plaintiff is, that the defendants, without payment or appropriation, are about to interfere with his facilities for ingress to his property by substantially changing the grade of the street on which it fronts, and to occupy with the proposed fill a strip thereof nine feet in width-.
We are not prepared to hold that in any case the authorities having charge of streets and roads are required to appropriate the right to change the grade thereof, however well it may be established that an abutting owner may, in certain cases, recover such damages as he may sustain by reason of such change. If an improvement of this character is made wholly upon ground already owned by the public, the interruption which it may occasion to an abutting owner’s means of access may not be a taking of his property within the provisions of the 19th section of the bill of rights. Whether it is or not, the case does not require us to determine. The *531 numerous cases in which the abutting owner’s right to recover the damages resulting from change of grades is recognized, all require as an indispensable condition to the right, the improvement of his property with reference to a previously established grade, or a reasonable grade. We are aware of no case in which a change of grade in front of unimproved lands has been regarded as the foundation for any form of action. Crawford v. Delaware, 7 Ohio St. 460.
Counsel for the defendants contend that the right to take the strip of the plaintiff’s lot for the base'of the proposed fill is conferred by the nineteenth section of the bill of rights, since the petition shows that St. Clair avenue “is a public highway open to the public without charge.” This section does not execute itself by conferring the power of eminent domain upon the commissioners or any similar board. It assumes that by the general grant of legislative power this incident of sovereignty is vested in the general assembly, and defines the modes, and limits the extent, of its exercise by that branch of the government. Lamb et al. v. Lane, 4 Ohio St. 167; Giesy v. The Railroad Co., 4 Ohio St. 308; Shaver v. Starrett, 4 Ohio St. 495; Ferris et al. v. Bramble et al., 5 Ohio St. 109.
It is, therefore, indispensable that there be a proceeding according to legislative authority for the assessment of the owner’s compensation. If we look to the act of April 11, 1893 (Local Laws, vol. 90, p. 170), we find authority conferred upon the commissioners “ to build a viaduct across the railroad tracks at the intersection of St. Clair avenue.” Authority to take property for the widening of the avenue is not expressly given. The act does provide that “in the exercise of their powers and the performance of their duties in that behalf, said commissioners shall be governed by the general statutes upon that subject, except in so far as their powers and duties are prescribed by this act.” But counsel agree that the statutes contain no authority for the taking of property for the widening of a street or road under the circumstances of this case. *532 Whether they do i>r not, is, perhaps, not important, since it appears that no proceeding to assess the plaintiff’s compensation has been instituted by the' defendants.
G. J. Marriott, for plaintiff.
Geo. B. Okey and C. C. Williams, for defendants.
The plaintiff is entitled to an injunction restraining the defendants from encroaching upon this land as proposed. Though that is the extent of the relief to which he is entitled, the demurrer must be overruled.