## D. C. BASHOR *v.* IDA BOWMAN.

## (*Knoxville.* September Term, 1915.)

1. **EMINENT DOMAIN. Private road. Statutes. Constitutionality.**

   Shannon's Code, sec. 1634, provides that: "When the lands of any person shall be surrounded or inclosed by the lands of any other person or persons who refuse to allow . . . such person a private road to pass to or from his . . , lands, it shall be the duty of the county court, on petition of such person . . . to appoint a jury of view, who shall, on oath, view the premises, and lay off and mark a road through the land of such person or persons, . . . and report the same to the next court, which court shall have power to grant an order to said petitioner to open such road, not exceeding fifteen feet wide, and keep the same in repair." Section 1617, provides: "All roads and ferries that have been laid out or appointed, agreeably to law, or that shall be so laid out and appointed, are to be deemed public roads and ferries." *Held*, that section 1634 is not unconstitutional as taking private property for private use without just compensation, since the use declared by section 1617 is a public use. (*Post, pp.* 272-274.)

   Acts cited and construed: Acts 1868-69.

   Cases cited and approved: Rice v. Alley, 33 Tenn., 51; Henderson v. Lexington, 22 L. R. A. (N. S.), 104; Brewer v. Bowman, 9 Ga., 37; Robinson v. Swope, 12 Bush (Ky.), 21; Roberts v. Williams, 15 Ark., 43.

   Case cited and distinguished: Clack v. White, 32 Tenn., 540.

   Code cited and construed: Code 1858, sec. 1812; sec. 1617 (S.).

2. **EMINENT DOMAIN. Roads. Character of way.**

   That a highway declared to be public by statute is used chiefly by a private individual does not make it a private highway, where the whole public has the right to use it. (*Post, pp.* 274, 275.)

Bashor v. Bowman.

Acts cited and construed:   Acts 1868-69, ch. 14.

Cases cited and approved:   Railroad v. Transportation Co., 128
    Tenn., 277; State, etc., v. Bishop, 39 N. J. Law, 226; Sherman
    v. Buick, 32 Cal., 241; Denham v. Bristol County, 108 Mass.,
    202; In re Hickman, 4 Har. (Del.), 580; McWhirter v. Cockrell,
    39 Tenn., 9.

3. **EMINENT DOMAIN.** Roads.  Character.  Cost of mainte-
    nance.

That a highway declared by statute to be public is opened and
    maintained at private expense does not detract from its public
    character, nor does the fact that the statute, authorizing the
    creation of the road as a highway, refer to it as a public road.
    (*Post, pp.* 275, 276.)

Cases cited and approved:   Sherman v. Buick, 32 Cal., 241; In re
    Hickman, 4 Har. (Del.), 580; Latch County v. Peterson, 3
    Idaho, 398; Denham v. Bristol County, 108 Mass., 202; Shaver
    v. Starrett, 4 Ohio St., 494; Ferris v. Bramble, 5 Ohio St., 109;
    Allen v. Stevens, 29 N. J. Law, 509; Wolcott v. Whitcomb, 40
    Vt., 40.

---

FROM WASHINGTON.

---

Appeal from the Circuit Court of Washington Coun-
ty.—DANA HARMON, Judge.

DIVINE & GUINN, for appellant.

VINES & PRICE, for appellee.

MR. JUSTICE GREEN delivered the opinion of the
Court.

This proceeding was instituted in the county court of
Washington county to establish a road under section
1634 of Shannon's Code, which section is as follows:

"Private Road; County Court to Appoint Jury of View; Damages to be Paid.—When the lands of any person shall be surrounded or inclosed by the lands of any other person or persons who refuse to allow to such person a private road to pass to or from his said lands, it shall be the duty of the county court, on petition of any person whose land is so surrounded, to appoint a jury of view, who shall, on oath, view the premises, and lay off and mark a road through the land of such person or persons refusing, as aforesaid in such manner as to do the least possible injury to such persons, and report the same to the next court, which court shall have power to grant an order to said petitioner to open such road, not exceeding fifteen feet wide, and keep the same in repair; and if any person shall thereafter shut up or obstruct said road, he shall be liable to all the penalties to which any person is liable by law for obstructing public roads.  The damage adjudged by the jury aforesaid shall, in all cases, be paid by the person applying for such order, together with the cost of summoning and impaneling said jury. Gates may be erected on said roads."

A demurrer was filed to the petition in the county court by which the aforesaid statute was challenged as unconstitutional, on the ground that it authorized the taking of private property for private purposes.  This demurrer was sustained by the county court, and on appeal by the circuit court, and the case is before us on appeal from the latter court.

It appears from the petition that no public road touches the lands of petitioner, and that the only way of access to a public road from said land is over the lands of defendant, Ida Bowman. Petitioner said that he had heretofore had an arrangement by which he passed out to the public road over the Bowman lands, but that such right was now denied him by the defendant. He seeks to have a road established under the provisions of the statute quoted.

An act similar to this was passed by the legislature in 1811, and was by this court held unconstitutional in the case of *Clack* v. *White,* 32 Tenn. (2 Swan), 540, and *Rice* v. *Alley,* 33 Tenn. (1 Sneed), 51.

In *Clack* v. *White,* supra, the court said:

"Now, the statute confers upon the county court the power to grant a right of way, against the will of the person who owns the land. It takes from him, *in invitum,* a part of his private estate, and gives it to another, as a private right, for such indemnity as a jury may assess."

The reasoning of the court in *Clack* v. *White* was founded on the idea that a road established under that act would become a "private right" of the petitioner. Whatever basis there may have been upon which to rest such a theory at the time of this decision was removed by the Code of 1858, which in terms declared that:

"All roads and ferries that have been laid out or appointed, agreeably to law, or that shall be so laid out and appointed, are to be deemed public roads and fer-

ries.'' Code of 1858, sec. 1182 (Shannon's Code, sec. 1617).

After the two decisions referred to *Clark* v. *White*, and *Rice* v. *Alley*, supra, and after the Code of 1858 was enacted, the legislature in 1868-69 re-enacted a statute similar to the act of 1811, which had been held unconstitutional, as aforesaid, and it is this statute which is carried into Shannon's Code, at section 1634, which we have quoted above. Under the act of 1868-69, the road petitioned for in this case, if laid out and appointed agreeably to law, will become a public road, and not a private right of way.

The act of 1868-69, Shannon's Code, section 1634, is quite like statutes of other States, and the courts generally hold that public roads may be compulsorily opened over private property to the farms and residences of individuals—

''when necessary to enable such individuals to reach the highways and perform their public duties, and to afford those who desire to visit such individuals, on business or socially, access to their farms and houses.'' Note under *Henderson* v. *Lexington*, 22 L. R. A. (N. S.), 104.

The public is interested in every citizen having a right of way to and from his lands or residence. *Brewer* v. *Bowman*, 9 Ga., 37.

Such a right of way enables a citizen to discharge the duties he owes to the public, among which are mentioned the duties of attending courts, elections,

133 Tenn. 18

churches, and mills. *Robinson* v. *Swope,* 12 Bush (Ky.), 21.

The constitutionality of a so-called private road law rests upon the obligation of the sovereignty to afford to each member of the community a reasonable means of enjoying the privileges and discharging the duties of a citizen. *Roberts* v. *Williams,* 15 Ark., 43.

The declaration of section 1182 of the Code of 1858 that all roads laid out and appointed, agreeably to law, shall be deemed public roads fixes the character of the road here in question, secures the rights of the public therein, and meets the objection made in *Clack* v. *White,* supra, and some cases in other States, to statutes providing for roads of this character. This road, while chiefly for the accommodation of the petitioner, will likewise be open to the use of those who may have occasion to visit petitioner or his premises. The public will have the use of the road, and will derive some benefit from such use. Some of the public may use the road constantly on business or in visiting petitioner. All of the public are entitled so to use it. We have elsewhere stated that:

"An enterprise does not lose the character of a public use because of the fact that its services may be limited by circumstances to a comparatively small part of the public." *Railroad* v. *Transportation Company,* 128 Tenn., 277, 285, 160 S. W., 522, 524.

Additional cases upholding the validity of road laws similar to chapter 14, Acts of 1868-69, Shannon's Code, sec. 1634, are: *State, etc.,* v. *Bishop,* 39 N. J. Law,

226; *Sherman* v. *Buick,* 32 Cal., 241, 91 Am. Dec., 577; *Denham* v. *Bristol County,* 108 Mass., 202; *In re Hickman,* 4 Har. (Del.), 580.

Other cases in accord, and some to the contrary, will be found collected in the note heretofore referred to, 22 L. R. A. (N. S.), pp. 102-111. We cannot attempt a more extended review of these authorities here. It is sufficient to say that we accept the prevailing view of such statute as the better one and the one more in harmony with modern economic conditions.

There is nothing in *McWhirter* v. *Cockrell,* 39 Tenn. (2 Head), 9, which conflicts with this result. In *McWhirter* v. *Cockrell,* it distinctly appeared that the person seeking a road there had other ways of ingress and egress, and in that case the petitioners were merely seeking a more convenient route. That proceeding was not had under the particular statute we are here considering anyhow.

It does not detract from the public character of a road that the expense of opening and maintaining it is sustained by private persons, nor is the reference to these roads in the statute authorizing them as private roads conclusive against their public character. *Sherman* v. *Buick,* 32 Cal., 241; *In re Hickman,* 4 Har. (Del.), 580; *Latah County* v. *Peterson,* 3 Idaho (Hasb.), 398, 29 Pac., 1089, 16 L. R. A., 81; *Denham* v. *Bristol County,* 108 Mass., 202; *Shaver* v. *Starrett,* 4 Ohio St., 494; *Ferris* v. *Bramble,* 5 Ohio St., 109; *Allen* v. *Stevens,* 29 N. J. Law, 509; *Wolcott* v. *Whitcomb,* 40 Vt., 40.

So we conclude that chapter 14, Acts of 1868-69, Shannon's Code, sec. 1634, does not authorize the taking of private property for private purposes, and that said act does not contravene the provisions of the Constitution and the Bill of Rights relied on in the demurrer.

The judgment below will be reversed, and the cause remanded for further proceedings.