MRS. CLARA DERRYBERRY *v.* MISS LOUISE BECK *et al.**

(*Nashville.* December Term, 1925.)

1. **EMINENT DOMAIN.** Acts 1921, chapter 75, providing for the opening of a road through privately owned lands at the instance of the confined private landowner, is constitutional (Shannon's Code, section 1617).

   Acts 1921, chapter 75, providing for the opening of a road through privately owned lands at the instance and primarily for the benefit of an otherwise confined private landowner, is constitutional, as, under Shannon's Code, section 1617, the road became public on its opening. (*Post, p.* 222-224.)

   Acts cited and construed: Acts 1921, ch. 75; Acts 1923, ch. 428; Acts 1868-69, ch. 14.

   Cases cited and approved: Bashor v. Bowman, 133 Tenn., 269; Carson v. Moore, 2 Shan., 500; Clark v. White, 32 Tenn., 540; Rice v. Alley, 33 Tenn., 51.

   Codes cited and construed: Secs. 1634, 1617(S.); Sec. 1182 (1858).

2. **EMINENT DOMAIN.** Remedy provided by Private Acts 1923, chapter 428, for opening roads in Maury county, is cumulative, and not exclusive, as respects remedy provided by Acts 1921, chapter 75.

   Remedy provided by Private Acts 1923, chapter 428, which applies only to Maury county, providing for the opening of a road on petition of private landowner to county road superintendent, is cumulative, and not exclusive of remedy given by Acts 1921, chapter 75, a general law providing for the opening of road on petition of private landowner to county court. (*Post, p.* 224.)

---

*Judicial power over the right of eminent domain, as to private roads, see comprehensive note in 22 L. R. A. (N. S.), 102.

*Headnotes 1. Eminent Domain, 20 C. J., Section 44; 2. Eminent Domain, 20 C. J., Section 312.

Derryberry v. Beck.

## FROM MAURY.

Appeal from the County Court of Maury County.—Hon. W. B. TURNER, Judge.

R. S. HOPKINS and W. S. FLEMING, for appellants.

PEEBLES & FORGEY, and W. D. POGUE, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is a proceeding begun by petition to the county court for the opening of a road, filed by a landowner who is without an open way from her lands. The petition was granted, and a jury of view appointed, who located an eighteen-foot road and fixed the damages, which action was thereafter confirmed by the court and a jury, except that the amount of the damages was fixed at a somewhat increased sum. This appeal is from the final decree of the court, adjudging that, upon the payment by the petitioner of the damages, the road so located should be opened from the lands of petitioner to the public road, ''for the use of herself and all other persons desiring to travel along said roadway.''

The jurisdiction of the county court is challenged, the insistence being that:

''There is no statute giving the court jurisdiction or power to lay out any eighteen-foot road in a proceeding under a petition addressed to the county court, as in the instant case, except chapter 75 of the Acts of 1921, which

said chapter is invalid and void, because repugnant to the Constitution of the state of Tennessee.''

The theory of appellants is, in substance, that this is a proceeding to establish a private road, brought under chapter 75 of the Acts of 1921, which so authorizes, but (1) that this act is unconstitutional, because it authorizes the taking of private property for a private use; and (2) that its provisions have not been followed, in that the order made opens the road to the public. It is also said that this general act of 1921 is not available to petitioner, because a special act, applicable only to Maury county, was passed in 1923 (chapter 428 of Private Acts), under which petitioner might secure relief upon petition addressed to the county road superintendent, and that this remedy is exclusive.

In *Bashor* v. *Bowman*, 180 S. W., 326, 133 Tenn., 269, this court held that an act similar to the one now before us, in the respect here pertinent, passed in 1868-69, and carried into Shannon's Code at section 1634, did not violate our Constitution, as insisted, in view of the provision of the Code of 1858, section 1182 (Shannon's Code, section 1617), that all roads that shall be laid out agreeably to law are to be deemed public roads. The reasoning of that case applies directly to and sustains the act of 1921. However, reliance is had on the case of *Carson* v. *Moore* (1877), 2 Shan., 500, in which this court applied the conclusions reached in the earlier cases of *Clack* v. *White*, 2 Swan, 540, and *Rice* v. *Alley*, 1 Sneed, 51, to Acts 1868-69, chapter 14 (Shannon's Code, section 1634), and held that act to be unconstitutional. An apparent conflict in the decisions of this court is thus presented.

While the act of 1921, now before us, was, of course, not passed on in *Carson* v. *Moore,* supra, it must be conceded that the pertinent provisions of the act of 1921 now attacked as unconstitutional are essentially similar to those of the act of 1868-69. The effect of the Code of 1858 provision, above noted, made the basis of the holding in *Bashor* v. *Bowman,* while at the time in force, seems not to have been considered by the court in *Carson* v. *Moore,* and that case was correctly decided but for that saving provision. However, the reasoning of the opinion in *Bashor* v. *Bowman,* commends itself, and is now approved and reaffirmed, and given application to the Acts 1921, chapter 75, passed since the rendition of the opinion, and presumably in contemplation thereof. In other words, conceding that the act of 1868-69 has been authoritatively declared unconstitutional, we sustain the act of 1921 upon the reasoning of the opinion in *Bashor* v. *Bowman,* supra, and the authorities therein reviewed, to the effect that power may lawfully be granted for the opening of a road over privately owned lands, at the instance and primarily for the benefit of an otherwise confined private landowner, if the road automatically becomes upon its opening public, which we hold to be the result under the act of 1921 and Code 1858, section 1182.

Holding that the declaration of section 1182 of the Code of 1858 fixes as public the character of a road opened pursuant to provisions such as those now under consideration, Mr. Justice GREEN, in *Bashor* v. *Bowman,* said that:

"The constitutionality of a so-called private road law rests upon the obligation of the sovereignty to afford to

each member of the community a reasonable means of enjoying the privileges and discharging the duties of a citizen."

It will be observed that the judgment of the court in the instant case is in conformity to these views, the order being:

"To open said roadway as a free and unobstructed way of ingress and egress from the land of Mrs. Clara L. Derryberry to the public road, for the use of herself and all other persons desiring to travel along said roadway."

This leaves to be considered only the point that the act of 1923, a special road law for Maury county, is exclusive. We do not so find it. The remedies are not antagonistic, but cumulative, or alternative.

The judgment is affirmed.