## G. H. MASSEY v. HAYWOOD CLEAVER, et al.

Western Section.   June 5, 1930.

Maddox & Maddox, of Huntingdon, for defendant in error.
McCall & Browning, of Huntingdon, for plaintiff in error.

OWEN, J.   G. H. Massey, hereinafter called complainant, filed a petition against Haywood Cleaver and Garvin Cleaver in the County Court of Carroll County to condemn a strip of land over and across defendants' farms for a right of way for a road.

It was complainant's insistence that he did not have an outlet from his farm of forty-six acres unless granted an outlet over and across defendants' lands to the Hollow Rock and Henry Station road which was a public road leading from Hollow Rock to Henry Station. The complainant alleged that he had resided on his tract of land for many years; that he had had an outlet across defendants' land to the road, above mentioned, but the defendants had recently built a fence or some gates across complainant's outlet or road. It was complainant's insistence that he was entitled to relief by virtue of Section 1634 of Shannon's Code and the holding of the Supreme Court in Bashor v. Blowman, 133 Tenn., 269, 180 S. W., 326.

The defendants first filed a motion to dismiss the petition on the ground that the plaintiff was not entitled to any relief and that the court was without any jurisdiction. This motion was overruled and the defendants answered insisting that the complainant was relying upon the wrong Act, Section 1634, and that by Private Acts of 1925, Chapter 524, which applies to Carroll County, the laying out of roads was solely within the control of the Highway Commission of Carroll County. The defendants also insisted that the complainant had other ways of reaching the public highways of Carroll County without crossing defendants' lands. The Court appointed a jury of view, complying with the Statute as announced in Section 1634 of the Code. This jury made its report. The report of the jury of view was excepted to. The exception sustained, thereupon, the petitioner prayed and was granted an appeal to the Circuit Court from the action of the County Judge. In the Circuit Court the appeal of the petitioner was dismissed and the cause remanded to the County Court of Carroll County for further proceedings, thereupon, the cause came on to be further heard and the County Judge proceeded under Chapter 75 of the Acts of 1921, which acts give the Chancery, Circuit and County Courts of Tennessee, jurisdiction where any person, firm or corporation owning any lands in Tennessee, where ingress or egress to and from such lands is cut off or obstructed, the right to petition for a right of way or easement and have the same condemned and set aside for the benefit of such lands owned by the petitioner. Said Act provides, in Section 3, that upon a trial upon the merits of the court the court shall issue a writ of inquiry of damages to the sheriff commanding him to summons a jury to inquire of and assess the damages. The sheriff and the jury reported in the instant case, together with the surveyor of the county who fixed the right of way in behalf of petitioner at one rod in width and seventy rods long, beginning at petitioner's boundary line and running across the lands of defendant Haywood Cleaver. The damages were fixed at $10 for the value of the land

taken which consisted of 7/16 of an acre, and the incidental damages was fixed at $50 by the jury. One juror making a minority report, assessed the incidental damages at $250. Defendants excepted to the majority report. The court sustained the majority report of the jury and rendered a decree establishing the road or right of way and the complainant was assessed $60 as damages. The defendants made a motion for a new trial, this was overruled. They demanded a trial by a jury of twelve men to be summoned and empanelled by the court, this was granted upon defendants giving security for costs. This order of the court was never complied with and no new trial was had, thereupon, the defendants appealed to this court, which appeal was perfected and they have assigned nine errors.

It is first insisted that the court was without jurisdiction to try this cause and Chapter 75 of the Acts of 1921 is unconstitutional and void. This Act complained of has been upheld by our Supreme Court of Tennessee at the December Term, 1925, in the cause of Derryberry v. Beck, 153 Tenn., 220, 280 S. W., 1014. The jurisdiction of the County Court was challenged in the Derryberry case and in that case it was insisted that the Act was unconstitutional and it was further insisted that Chapter 428 of the Private Acts of 1923 which related to Maury County controlled, and in the cause of Debusk v. Riley, 154 Tenn., 382, Derryberry v. Beck was approved. The Debusk case was transferred from the Court of Appeals to the Supreme Court because it involved the constitutionality of Chapter 75 of the Acts of 1921. The Supreme Court took jurisdiction because the case was transferred before the opinion was announced in Derryberry v. Beck, supra, the Supreme Court having upheld the constitutionality of this Act in two published opinions, we are of the opinion that the question of the Act being unconstitutional is without merit and that this court has jurisdiction. We will proceed to dispose of the appeal on the other questions raised.

We hold that the County Court of Carroll County had jurisdiction to try the matters in controversy raised by the petition and the answer. Chapter 524 of the Private Acts of 1925 relating to Carroll County does not govern in the instant case. That Act like the Act of 1923, applying to Maury County, is cumulative to Chapter 75 of the Acts of 1921, and does not repeal or abridge Chapter 75 of the Acts of 1921, it simply creates a highway commission for Carroll County fixing their duties relative to public highways. This disposes of assignments one and two.

Assignment No. 9 complains of the court refusing and declining to grant the defendants a new trial before a jury of twelve men.

The court granted this request on condition that defendants give security for costs and this is the provision of Section 3 of Chapter 75 of the Acts of 1921 which provides that: either party may appeal to the court from the finding of the jury of view and demand a trial by a jury and upon giving security for costs, may have a new trial before a jury of twelve men to be summoned and empanelled by the court in the usual way. The defendants failed to secure the costs for this new trial and they are in no attitude now to make this complaint. This assignment is overruled.

The remainder of the assignments from three to eight, inclusive, raise the following questions: (1) The proof shows conclusively that the petitioner's land was not surrounded or enclosed by the lands of any other person or persons who would refuse to allow him a private road to pass to or from his lands. (2) The Court erred in appointing the sheriff to summons the jury. (3) It was error because the jury of view allowed compensation to Haywood Cleaver and allowed none to Garvin Cleaver. (4) The amount allowed as damages was inadequate.

On the question of whose land was taken for the road, and the amount of damages, we have no bill of exceptions. The defendants gave a joint affidavit but this was never filed, so far as the record shows it was not preserved by a bill of exceptions and under the authority of Insurance Company v. Anderson, 130 Tenn., 489; Dunn v. State, 127 Tenn, 269, 154 S. W., 969, we cannot consider this affidavit.

The survey or plot filed by the County Surveyor, giving the description of the land used, shows that only lands of Haywood Cleaver was contained in the survey fixing the road at one rod in width and seventy rods long.

We have considered all the assignments of error and they are overruled and disallowed. The judgment of the lower court is affirmed. This cause will be remanded to the County Court of Carroll County for the purpose of issuing a writ of possession in favor of the petitioner putting him in possession of the strip of land condemned for road purposes upon his paying the judgment, $60, fixed as damages in favor of Haywood Cleaver and all the costs accrued in the lower court will be paid by petitioner and his surety on cost bond. The cost of the appeal will be paid by the appellants and their surety on appeal bond.

Our attention has been called to the fact that the clerk in making the transcript in the instant case, copied a brief of the attorneys for the petitioner in the transcript. This brief takes up some five or six pages of the transcript and the clerk's costs for making the transcript will be reduced $1 for his erroneously copying the brief in the transcript.

Execution will issue for the judgment and costs according to this opinion against the various parties who have been adjudged liable for costs and damages.  The petitioner, upon payment of the judgment assessed as damages, $60, and all the costs accrued in the lower court, will have the right to use the strip of land, described by the jury of view, for the benefit of road purposes and the easement or right of user of said strip acquired from the defendant, Haywood Cleaver, will enure to the benefit of petitioner and his assigns or successors entitled to the tract of land now owned by petitioner.

Heiskell and Senter, JJ., concur.