BARNHART *v.* CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS — POWER TO IMPROVE STREETS — EMINENT DOMAIN.

The improvement of the streets of the city is within the power conferred upon the city commission of Grand Rapids by title 10, § 2, of its charter, adopted pursuant to 1 Comp. Laws 1915, § 3304 *et seq.*, as amended by Act No. 224, Pub. Acts 1925, and article 8, §§ 20, 21, 28, of the Constitution, authorizing the purchase and condemnation of private property for any public use or purpose.

2. EMINENT DOMAIN — NECESSITY AND COST OF PRIVATE LAND TAKEN FOR PUBLIC PURPOSE TO BE DETERMINED BY JURY.

Under article 13, §§ 1, 2, of the Constitution, the necessity for taking land for the purpose of widening a city street and an ascertainment of the cost thereof must be determined by a jury, and if the jury so find, then the acquirement of the property is a taking for a public use or purpose within the meaning of the statutory and charter provisions relating thereto.

3. SAME — CITY MAY NOT CONDEMN LAND UNTIL NECESSITY AND COST DETERMINED BY JURY.

The city of Grand Rapids may not acquire, by condemnation, a strip of land adjoining a city street for the purpose of improvement by widening it until the necessity for its use for the benefit of the public and an ascertainment of the cost thereof has been determined in the manner provided for in the Constitution (Art. 13, §§ 1, 2), and in the statute and charter relating thereto.

4. MUNICIPAL CORPORATIONS — TAXATION — POWER TO TAX IS CONFERRED, NOT INHERENT.

A city has no inherent power to levy a tax, but the power to do so must have been conferred upon it.

5. SAME — WHEN TAX MAY BE LEVIED BEFORE WORK ACTUALLY DONE.

When money is needed by a city for an improvement not

[1]Municipal Corporations, 28 Cyc. p. 946; [2]Eminent Domain, 20 C. J. §§ 38 (Anno), 381; [3]Id., 20 C. J. §§ 42, 310; [4]Municipal Corporations, 28 Cyc. p. 1658; [5]Id., 28 Cyc. p. 1691 (Anno).

requiring a finding of necessity, a tax may be levied therefor before the work is actually done.

6. SAME—POWERS OF CITY LIMITED TO THOSE EXPRESSLY GRANTED OR NECESSARILY IMPLIED.

The powers of a city are limited to those expressly granted, those necessarily implied in or incident to those granted, and those essential to the declared objects and purposes of the corporation.

7. EMINENT DOMAIN—RIGHT EXERCISED BY CITY UNDER STATUTE IN ABSENCE OF ENACTMENT OF AUTHORIZED ORDINANCE.

In absence of the enactment of an ordinance for the condemnation of private property for public use or purpose by the city of Grand Rapids, as authorized by its charter (title 10, § 16), said right is exercised under the provisions of 1 Comp. Laws 1915, §§ 353-373, 3376-3400.

8. MUNICIPAL CORPORATIONS—CITY HAS NO POWER TO LEVY TAX TO PAY FOR CONDEMNED LAND UNTIL NECESSITY AND COST DETERMINED BY JURY.

The determination of necessity by the city commission of Grand Rapids, coupled with its right to institute proceedings to condemn land to widen a city street, does not carry with it as an incident thereto the power to levy the tax to pay for the land sought to be condemned in advance of a determination by a jury of the necessity therefor and an ascertainment of the cost thereof, nor may such power be implied from that conferred upon it to take such proceedings.

Appeal from superior court of Grand Rapids; Verdier (Leonard D.), J. Submitted October 7, 1926. (Docket No. 24.) Decided December 8, 1926.

Bill by Gertrude H. Barnhart and others against the city of Grand Rapids and others to set aside an assessment roll and to enjoin the collection of taxes thereunder. From a decree for plaintiffs, defendants appeal. Affirmed.

⁶Municipal Corporations, 28 Cyc. p. 260; ⁷Eminent Domain, 20 C. J. § 316; ⁸Municipal Corporations, 28 Cyc. p. 1691 (Anno).

*Norris, McPherson, Harrington & Waer* and *Jewell, Face & Messinger,* for plaintiffs.

*Ganson Taggart* and *Fred N. Searl* (*Stuart E. Knappen,* of counsel), for defendants.

SHARPE, J.  The city commission of the defendant city on May 18, 1925, adopted a resolution declaring that the widening of Division avenue from Monroe avenue to Wealthy street by taking 12 feet from the property on the east side of the avenue and the improving of the street when so widened by paving, etc., was "a necessary public improvement."  The resolution further provided that the expense of such improvement be first met by issuing bonds of the city therefor, and that such expense—

"aside from that portion thereof required by charter or franchise to be paid by the city at large or some public service corporation, shall be assessed upon the real estate benefited by such improvement in proportion to the benefits received."

The city attorney was directed to negotiate for the purchase of the property necessary to effect such widening, and the "several officers and departments" were "authorized to take the necessary steps to carry out such improvement" pursuant to the charter and ordinances of the city.

An effort to secure options was unsuccessful as to a large part of the property to be taken.  On November 16, 1925, the city commission adopted a resolution which, after reciting the action taken on May 18th, and that the city manager had estimated the cost of such improvement to be $558,008.48, and that $26,100.48 of that sum should be borne by the city at large and $24,550 thereof should be met by the Grand Rapids Railway Company, and that a hearing had been had by the commission on June 15, 1925, after due notice, after which, on July 2, 1925, a resolution had

been adopted by the commission determining that
$507,358 of such expense should be borne by the prop-
erty to be benefited thereby, describing it, ordered that
the director of public service do make a map of the
special assessment district and that the city manager
do transmit it and the proceedings of the commission
to the city assessors, who were ordered to make an
assessment pursuant thereto.    The assessment roll
was duly made and confirmed.    Plaintiffs here seek
to restrain the collection of the tax against their prop-
erty listed therein.    The trial court granted the relief
prayed for.    Defendants appeal from the decree
entered.

The validity of the assessment is attacked:

"*First*, Because the city commission had no power
to make the improvement by widening the avenue;
and,
"*Second*, Because the power to levy it, in advance
of the determination of necessity and of the ascertain-
ment of the actual cost of acquiring the necessary
property, has not been conferred on the city by law."

1. There are several constitutional provisions re-
lating to the powers of cities.    Article 8, § 20, directs
the legislature to provide by general law for the in-
corporation of cities, and section 21 confers the power
on the electors of cities to frame, adopt and amend
their charters and—

"to pass all laws and ordinances relating to its munici-
pal concerns, subject to the Constitution and general
laws of this State."

Under section 28 the right of cities to the reasonable
control of their streets is reserved to them.    Pur-
suant to the constitutional provision, the legislature
enacted what is known as the home rule act (Act No.
279, Pub. Acts 1909, 1 Comp. Laws 1915, § 3304 *et
seq.*).    Section 3307 (section 4 of the act), as amended
by Act No. 224, Pub. Acts 1925, provides:

"Each city may in its charter provide:    *    *    *

"(k) For the purchase and condemnation of private property for any public use or purpose within the scope of its powers.    *    *    *

"(t) For the exercise of all municipal powers in the management and control of municipal property and in the administration of the municipal government, whether such powers be expressly enumerated or not; for any act to advance the interests of the city, the good government and prosperity of the municipality and its inhabitants and through its regularly constituted authority to pass all laws and ordinances relating to its municipal concerns subject to the Constitution and general laws of this State."

Section 3308 contains many limitations upon the powers of cities.    None of them in any way limit the exercise of the right of eminent domain.

Pursuant to the power granted by the statute, the city of Grand Rapids in its charter (title 10, § 2) provided:

"The city shall have and it is hereby given the power to purchase or condemn private property    *    *    * for any public use or purpose within the scope of its powers."

By the same section the city commission is authorized to acquire by gift, purchase, condemnation or otherwise the property necessary for any public use or purpose within the scope of its powers.

The question narrows itself to this:   Is the acquiring of this property for the purpose of widening the street a taking for a public use or purpose?    In *Chaffee's Appeal,* 56 Mich. 244, 252, it was said:

"The case of street opening and that of widening a street are two different things.    *    *    *   Necessity may imperiously demand the one, while none at all exists for the other; one may be a matter of convenience only while the other is indispensable."

The improvement of the streets of the city is certainly within the power conferred upon the city com-

mission by the statute and its charter.   The commission has found that it is necessary to improve the condition of that part of Division avenue between Monroe avenue and Wealthy street and that, in order to do so, the street should be widened by taking a strip 12 feet wide off the property on the east side thereof. Having failed in the effort to purchase this land, it can be acquired only by condemnation.   Under the constitutional provision hereafter particularly referred to, the necessity for such taking and an ascertainment of the cost thereof must be determined by a jury.

"The object of the Constitution is to prevent all needless appropriations of private property, which are too often made for ends in which the public are in no strait, and for private fancy or emolument."   *City of Grand Rapids* v. *Railroad Co.,* 58 Mich. 641, 646.

In *Commissioners of Parks* v. *Moesta,* 91 Mich. 149, 153, it was said:

"In order to justify a finding of necessity, it must appear that the improvement was a convenience,—a benefit to the public of sufficient importance to warrant the public in incurring the expense in making it."

If the jury shall so find, it seems clear that the acquirement of the property is a taking for a public use or purpose within the meaning of the statutory and charter provisions heretofore quoted.

2. The city cannot acquire this 12-foot strip by condemnation until the necessity for its use for the benefit of the public and an ascertainment of the cost thereof shall be determined in the manner provided for in the Constitution (art. 13, §§ 1, 2, Const. of 1908) and in the statute and charter relating thereto.   May an assessment to pay for this property be levied before such determination has been had?

The city has no inherent power to levy the tax.   The authority to do so must have been conferred upon it.

"This court has held that grants of power to make local assessments must be strictly construed and strictly followed." *Van Zanten* v. *City of Grand Haven,* 174 Mich. 282, 285.

When the money is needed for an improvement not requiring a finding of necessity, a tax may be levied therefor before the work is actually done.   2 Cooley on Taxation (3d Ed.), 1264, 1266; *Davidson* v. *New Orleans,* 96 U. S. 97.   Should an excess be collected, it may be recovered by the taxpayer.   *Thayer* v. *City of Grand Rapids,* 82 Mich. 298.

The powers of a city are limited to those expressly granted, those necessarily implied in or incident to those granted, and those essential to the declared objects and purposes of the corporation.   *Attorney General* v. *Detroit Common Council,* 150 Mich. 310 (121 Am. St. Rep. 625) ; 1 Dillon on Municipal Corporations (5th Ed.), § 237.   In the exercise of its power to condemn private property for any public use, the charter (title 10, § 16) authorizes the commission to provide by ordinance therefor.   It further provides "that until the passage of a valid ordinance for that purpose" the right of eminent domain may be exercised by the city in the manner provided for in sections 3392 to 3415, inclusive, of the Compiled Laws of 1897, as amended or supplemented, or in Act No. 149, Pub. Acts 1911, as amended, "or any other general law." No such ordinance has been enacted.

The first mentioned of these statutes now appears as sections 3376 to 3400, inclusive, 1 Comp. Laws 1915. Section 3377 provides that such proceedings may be commenced and prosecuted "whenever the common council   *   *   *   shall have declared a public improvement to be necessary," and "that they deem it necessary to take private property, describing it, for such public improvement," and that the "improvement is for the use or benefit of the public."   Section 3390

provides that when the necessity is determined and the amount finally fixed by judgment of confirmation, the clerk of the court shall certify such facts to the common council and—

"thereupon, the proper and necessary proceedings, in due course, shall be taken for the collection of the sum or sums awarded by the jury."

The act of 1911, as amended, now appears as sections 353 to 373, inclusive, 1 Comp. Laws 1915.    Section 368 provides that when the final order of confirmation is entered the clerk of the court shall certify the same to the petitioner and—

"thereupon, or within one year thereafter, said petitioner shall set apart and cause to be provided the amount required to make compensation"

—therefor.    In *Whitney* v. *Village of Hudson,* 69 Mich. 189, 197, it was said:

"The principles which underlie the consideration of these questions are well established, namely: That the action of the common council must be within the power conferred, and when the mode is prescribed, either by charter or ordinance, that mode constitutes the measure of the power; that grants of power to make local assessments are strictly construed, and must be strictly followed."

The sections of the statutes above referred to, when considered with the charter provision, confer no express authority upon the city commission to levy a tax in advance of the determination of necessity.    This proceeding to do so can be sustained only by holding that such power is necessarily implied in or incident to that conferred authorizing the condemnation or essential to the object and purpose sought to be accomplished.    No work can be done in furtherance of the improvement sought to be made until the additional land is acquired.    The action of the commission in

237—Mich.—7.

providing that the money needed should be raised by a bond issue (authorized by section 7 of title 10 of the charter) clearly negatives any claim which might be made that it is necessary to levy and collect the assessment before the work is begun.    The determination of necessity by the commission, coupled with its right to institute condemnation proceedings, does not carry with it as an incident thereto the power to levy the tax to pay for the land sought to be condemned in advance of a determination of the necessity therefor and an ascertainment of the cost thereof, nor can such power be implied from that conferred upon it to take such proceedings.

The cases cited from other State courts are not controlling.    The constitutions, statutes, and charters there considered are different from those under consideration here.

The decree is affirmed, with costs to appellees.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.