bill of exception is not changed by S.B. No. 167, Acts of 52nd Legislature, being Chapter 463, Vernon's Ann.C.C.P. art. 760e. See Vernon's Ann.C.C.P. art. 760(5).

We find no further complaint requiring discussion in this opinion. In the absence of error appearing of record, the judgment of the trial court is affirmed.

**LUCK v. WELCH.**

No. 15285.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 26, 1951.

Rehearing Denied Nov. 23, 1951.

Richard Owens, Fort Worth, for appellant.

H. K. Welch, Fort Worth, for appellee.

CULVER, Justice.

This is an appeal from a judgment of a district court of Tarrant County based on a directed jury verdict confirming the prior establishment of a third class public road across the land of appellant Luck, and enjoining him from interfering with or blocking traffic over said road or interfering with the maintenance thereof.

Appellant asserts four points of error, namely:

(1) Plaintiff did not sufficiently describe the road so the same could be identified.

(2) The judgment of another district court in a former case, wherein this appellee sought similar relief, was res adjudicata of the present suit.

(3) The judgment of the Commissioners' Court entered in 1931 establishing a 30 foot third class public road across the defendant's land was void for the reason that the necessary procedure was not followed.

(4) That the unrecorded judgment of the Commissioners' Court was not constructive notice to the appellant, who had no actual notice of the existence of the road.

These points will be discussed in order.

■ The description given both in the petition and judgment is recited as "being 30 feet in width with its center line extending from the west line of Highway 81 along the north line of the J. E. Phillips Survey to its northwest corner and continuing west to the west line of the M. K. T. Railroad Company right-of-way." This description would seem to be quite simple and accurate. It would only be necessary for a surveyor to locate the north line of the survey mentioned. Haverbekken v. Coryell County, 112 Tex. 422, 247 S.W. 1086.

The case of Sassman v. Collins, 53 Tex. Civ.App. 71, 115 S.W. 337, cited by appellant in support of his contention, merely holds that the road must be described by metes and bounds or in some other definite way. The plat made by the surveyor in 1931 locates the north line of the Phillip survey and its intersection with Highway 81 and reveals that this line extends west therefrom for all but 75 feet of the entire length of the roadway. Thus, we conclude that the petition and judgment describe the road by metes and bounds and in a very definite way.

■ The plea of res adjudicata is not well taken. In 1944, appellee Welch filed suit against appellant Luck in the 48th District Court of Tarrant County, seeking both by temporary and permanent injunction to restrain Luck from interfering with Welch in his use of the same road involved here. After a hearing, the application for a temporary injunction was denied and Welch thereafter took a nonsuit. No final judgment was ever rendered on the merits. The granting of a temporary writ is to some extent within the discretion of the trial court and is an interlocutory order. Sutherland v. City of Winnsboro, Tex.Civ.App., 225 S.W. 63. In many cases, the granting of a temporary injunction might not be appropriate, though a permanent injunction would not justify on final hearing. Rule 164, Texas Rules of Civil Procedure, provides: "When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced." This rule has always been liberally construed in favor of the right to take a nonsuit. Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S.W.2d 727;·

Corder v. Corder, Tex.Civ.App., 189 S.W. 2d 100; Magnolia Petroleum Co. v. Blankenship, Tex.Civ.App., 70 S.W.2d 258.

■ Appellant asserts that the judgment of the Commissioners' Court entered in 1931, establishing the road in question as a third class county road, was void for the reason that the requirements of Article 6705, Vernon's Tex.Civ.St., were not complied with, in that the petition on which the judgment was based was not signed by eight freeholders, that the proper notice was not given and no jury of view was appointed. On this point we agree with appellee that the road in question was established not under the foregoing article, as insisted upon by appellant, but under the provisions of Article 6711, Vernon's Tex.Civ.St., and that the Commissioners' Court in its 1931 judgment acted in substantial compliance with the provisions of the latter article. The 1931 judgment was granted on application of appellee's vendor, who petitioned the Commissioners' Court to declare and maintain a third class roadway through the land then owned by R. E. Duringer et al., appellant's predecessors in title. The Duringers appeared by their attorney, filed a written consent to the establishment of the roadway and made no charge for the land, provided the roadway would be fenced and maintained by the County. All of the decisions cited by appellant have reference to proceedings under Article 6705 and are not pertinent to Article 6711. The distinction between the two is that Article 6705 is concerned with the establishment of a road designed to benefit people living on or in the vicinity thereof, while Article 6711 deals with the situation where the passway is a "neighborhood road" and may benefit only one individual. At the time of the 1931 judgment there was only one landowner who needed this road as an outlet, and Article 6711 did not require him to obtain the joinder of other landowners in his petition who had no interest in the matter and would neither be benefitted nor harmed by the granting of the petition.

■ All of the cases cited by appellant in support of the foregoing points were those in which direct attacks were made on the judgment of the Commissioners' Court. Haverbekken v. Hale, 109 Tex. 106, 204 S.W. 1162; Hall v. Wilbarger County, Tex.Civ.App., 37 S.W.2d 1041; Allison v. Wilbarger County, Tex.Civ.App., 24 S.W.2d 1103; Jameson v. Erwin, Tex. Civ.App., 91 S.W.2d 1129. In the case of Haverbekken v. Hale, supra [109 Tex. 106, 204 S.W. 1165], Chief Justice Phillips observes: "The power of the District Court to supervise the proceedings of the Commissioners' Court here involved gave the injunction suit the character of a direct attack upon those proceedings rather than a collateral one. * * * This permitted a full inquiry for the purpose of seeing whether throughout the proceedings the Court had complied with the law, unhindered by any presumptions ordinarily indulged in a collateral attack upon a judgment of a court of general jurisdiction." The appellant is here making a collateral attack upon the 1931 judgment twenty years after its rendition and this may not be done. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Ashburn Bros. v. Edwards County, Tex.Civ.App., 58 S.W. 2d 71; Tarrant County v. Shannon, 129 Tex. 264, 104 S.W 2d 4.

■ Appellant's last point is to the effect that since the 1931 judgment of the Commissioners' Court was not recorded in the deed records he had no constructive notice of the same and was therefore not bound. The point is, we think, immaterial. The undisputed testimony shows that the road had been in use for many years prior to the time appellant acquired his title, had been graveled and was clearly visible on the most casual inspection. The road had been fenced on both sides. Cattle guards of concrete and pipe were in place at both terminals, a railroad crossing sign was located at the western end, and the mail box of appellee's tenant stood at the entrance to the roadway on Highway 81. Appellant's contention is that he and his cousin, one Jones, purchased the land; that Jones was thoroughly familiar with it, that he accepted Jones' description, only visited the property on one occasion after dark and did not know of the existence of the road through the property before

the purchase. A purchaser of real estate is bound to take notice of such an apparent feature as a clearly designated and marked roadway in the absence of fraud. If appellant did not avail himself of the opportunity to inspect this land sufficiently to observe the existence of this road, he cannot take advantage of his own failure to do so. West v. Jennings, Tex.Civ.App., 119 S.W.2d 685; Hexter v. Pratt, Tex. Com.App., 10 S.W.2d 692.

All points of error are overruled and the judgment of the trial court is affirmed.