**PHILLIPS et ux. v. STOCKTON et al.**

No. 10204.

Court of Civil Appeals of Texas.

Austin.

June 23, 1954.

Rehearing Denied July 21, 1954.

H. G. Kennedy, Marble Falls, James A. Steele, Burnet, James R. Sloan, David L. Tisinger, Austin, for appellants.

Bryce A. Taylor, Burnet, L. Hamilton Lowe, Austin, for appellees.

GRAY, Justice.

This appeal is from a judgment denying appellants (W. H. Phillips and wife Mary Nash Phillips) an injunction restraining appellees (The Commissioners' Court of Burnet County, the individual members thereof and W. H. Naumann) from opening a road across appellants' ranch under Art. 6711, Vernon's Ann.Civ.St.

A trial to a jury was had and two special issues were submitted. These issues and the jury's answers thereto are:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the Commissions Court in ordering the opening of the proposed road acted primarily for the purpose of benefitting W. H. Naumann?

"Answer this Special Issue 'Yes' or 'No'.

"We, the Jury, answer: Yes.

"Special Issue No. 2: Do you find from a preponderance of the evidence that the Commissioners Court, in ordering the opening of the proposed road, did not deem it of any substantial public importance?

"If you have found from a preponderance of the evidence that the Com-

missioners Court in ordering the opening of the proposed road did not deem it of any substantial public importance, you will answer this question: 'They did not deem it of any substantial public importance'; otherwise you will answer: 'They did deem it of substantial public importance'.

"We, the Jury, answer They did not deem it of any substantial public importance."

On appellees' motion the trial court rendered judgment non obstante veredicto.

Appellee Naumann, the owner of a 31.8 acre tract of land on which he resided, petitioned the commissioners' court to open a road across appellants' ranch. He alleged that he was living within an inclosure, that he had no way of ingress and egress to and from his land and that he desired a better and more practical road to his church and county seat. He attached to his petition a plat or map demonstrating his allegations and designating routes for the road prayed for. He prayed that appellants be cited to appear at the next regular term of the commissioners' court and show cause why the road prayed for should not be declared a public highway and that upon a hearing the court

"* * * open a better and more practicable road which will begin at a gate on the north corner of your petitioner's property and run in a general northerly direction to its intersection with a road through the H. A. Barnett property or open a better and more practicable road which will begin at a gate on the north corner of your petitioner's property and run in a northeasterly direction unto its intersection with a road presently running from the town of Kingsland unto the town of Marble Falls. Both these alternate routes are marked in orange on the attached map or plat hereto annexed and marked 'Exhibit A'. In the alternative, your petitioner prays that this court will open any other better and more practicable road along fences or section lines, or any other better or

more practicable road in order to avoid hills, mountains or streams, that this Honorable Court may decide upon, * * *."

After notice to appellants a hearing was had, the court found that a necessity existed for the establishment of the road, that it was of sufficient public importance and that the most practical location for the road was a route designated on the plat attached to Naumann's petition. A jury of view was appointed to lay out and survey the road and to assess the damages. After notice to appellants the jury of view procceded to view and survey the road and to assess the damages.

The 31.8 acre tract in question here is a part of a 272.25 tract of land once owned by Naumann and on which he resided. At that time Naumann had access to a road leading from the 272.25 acre tract to the Kingsland-Marble Falls public road which connects with other public roads and highways of Burnet County. This road was not over appellants' lands.

The Lower Colorado River Authority (later referred to as LCRA) determined that the lake to be created by Granite Shoals Dam in Burnet County would inundate a part of the 272.25 acre tract and without condemnation proceedings acquired all of the 272.25 acre tract except the 31.8 acre tract involved here. At the time LCRA would have purchased all of the tract but Naumann elected to retain the 31.8 acre tract, knowing that the then only existing road out would be rendered impassable by the lake.

Granite Shoals Dam has been constructed and Naumann's land is surrounded generally by the lake on the south and southeast and by appellants' land on the north and northwest. Any overland road from the 31.8 acre tract must be over appellants' land. The Kingsland-Marble Falls public road lies generally north of appellants' ranch with the H. A. Barnett ranch between. There is a public road across the Barnett ranch leading from the Kingsland-Marble Falls road to appellants' land line and they have a private way over

their land to this road. The road as established by the commissioners' court, and as surveyed, is 30 feet wide with its center line beginning at a stake set in the west line of the H. A. Anderson Survey No. 22, which is the property fence line between appellants' and Naumann's land from which "the northwest corner of the H. A. Anderson Survey bears N. 30 deg. E. 15 feet at a fence corner." Thence north (with distances and variations stated) to a stake in the center of a cattleguard in the property line fence between appellants' land and the H. A. Barnett tract (This being the point where the above mentioned road across the Barnett ranch intersects appellants' property line.)

All lands and all roads and highways herein mentioned are in Burnet County. Also all references to and citations of statutes are to Vernon's Annotated Civil Statutes.

Art. 6711, in part, provides:

"Any lines between different persons or owners of lands, any section line, or any practicable route, that the Commissioners' Court may agree upon, in order to avoid hills, mountains or streams through any and all inclosures, may be declared public highways upon the following conditions:

"1. Ten freeholders, or one or more persons living within an inclosure, who desires a nearer, better or more practicable road to their church, county seat, mill, timber, or water, may make sworn application to the Commissioners' Court for an order establishing such road, designating the lines sought to be opened and the names and residences of the persons or owners to be affected by such proposed road, and stating the facts which show a necessity for such road."

By section 2 of this article it is provided that upon the filing of the application notice shall issue to the sheriff or any constable of the county commanding him to summon the landowners to appear at the next regular term of the commissioners' court and show why "said lines should not be declared public highways." Such notices to be served in the manner, for the length of time and returned as is required for citations in civil actions in justice courts. Rule 534, Texas Rules of Civil Procedure. Section 3 provides that at a regular term of the court, after notice, if the court deems the road of sufficient public importance it may issue its order declaring the lines designated in the application, "or the lines fixed by the commissioners' court" to be public highways. Notice of such order to be immediately served upon the landowners and a return made thereon as above provided. Section 4 provides that the damages shall be assessed by a jury of freeholders, "as for other public roads," and if the application is granted all costs attending the proceedings shall be paid by the county.

Appellants' thirteen points are to the effect that the trial court erred in refusing to enjoin the opening of the road because: the verdict of the jury established that the road was ordered opened for the use and benefit of the individual Naumann and should not have been disregarded; the undisputed evidence showed that adequate notice and hearing were not granted appellants; no public notice of the application was given as is required by Art. 6705; the jury of view did not give notice as is required by Art. 6709; the application and the order appointing the jury of view failed to "accurately designate" the lines of the road; there was neither allegations nor proof showing a necessity for the road; the procedure required by Art. 6711 was not substantially followed; the interpretation placed on Art. 6711 by the commissioners' court renders it unconstitutional; the commissioners acted fraudulently, capriciously and arbitrarily and abused their discretion in opening the road; evidence to show Naumann was disqualified by estoppel and election to invoke the jurisdiction of the commissioners' court, and evidence of the transaction between LCRA and Naumann showing that Naumann was not in legal contemplation residing within an inclosure within the meaning of Art. 6711 was im-

properly excluded and not considered, and the trial court erred in refusing to hold that the court had jurisdiction to determine the question of damages in this suit.

There is nothing in the record before us that restricts the use of the road to Naumann, or to any one group or class of individuals, but it is open to and may be used by any or all members of the public passing that way who may wish to use it. These facts make it a public and not a private road. Its character as public or private is not to be determined by the place to which it leads, the number of persons who actually travel it, nor by its length. Bradford v. Moseley, Tex.Com.App., 223 S.W. 171, McCloskey v. Heinen, Tex.Civ. App., 266 S.W. 193, error dism. Decker v. Menard County, Tex.Civ.App., 25 S.W. 727. Art. 6711 deals with a "neighborhood road" that actually may benefit only one individual. Luck v. Welch, Tex.Civ.App., 243 S.W.2d 589, error ref., n.r.e.

The filing of Naumann's application invoked the jurisdiction of the commissioners' court to exercise the powers given it by Art. 6711, and it was for that court to determine the public importance of and necessity for the road in question. However this suit for injunction constituted a direct attack on the judgment of the commissioners' court and "permitted a full inquiry for the purpose of seeing whether throughout the proceedings the Court had complied with the law, unhindered by any presumptions ordinarily indulged in a collateral attack upon a judgment of a court of general jurisdiction." Haverbekken v. Hale, 109 Tex. 106, 204 S.W. 1162, 1165.

We will later notice procedural steps complained of but at this point we will notice the evidence before the trial court. The undisputed evidence shows that Naumann had no public road to or from his land and his place of residence, that his land was completely surrounded by Granite Shoals Lake and appellants' land and that any overland route from his land would necessarily be over appellants' land. These facts conclusively establish that Naumann was living within an inclosure within the meaning of Art. 6711. It is also undisputed that he desired a practical road to his church and county seat. The commissioners testified that they considered Naumann's individual needs, that it was necessary for him and his family to get out to their church and to places to trade and that the situation presented a matter of public importance to the court. One commissioner testified that when all conditions were considered it appeared to be to the best public interest to open the road.

It is to the public interest to see that every citizen has a way to and from his lands and his residence in order to enable him to discharge the duties he owes, as a citizen, to the public. Some of these duties are mentioned in Art. 6711, the constitutionality of which "rests upon the obligation of the sovereignty to afford to each member of the community a reasonable means of enjoying the privileges and discharging the duties of a citizen." Bashor v. Bowman, 133 Tenn. 269, 180 S.W. 326, 327; Derryberry v. Beck, 153 Tenn. 220, 280 S.W. 1014; 29 C.J.S. Eminent Domain, § 34, p. 831. For all of which reasons it cannot be said the verdict of the jury established that the road was opened solely for the use and benefit of the individual Naumann; nor that a necessity for the road was not alleged or proved, nor that as interpreted by the commissioners Art. 6711 is unconstitutional.

The jury's findings were not conclusive on the trial court in view of the evidence heard. McCloskey v. Heinen, supra.

We understand appellants complain that public notice as is required by Art. 6705 was not issued. Upon the filing of Naumann's application notice was issued and served under Art. 6711. Appellants did appear at the hearing. The notice provided for by Art. 6711 is personal to the landowners and, of course, could be waived. Haverbekken v. Hale, supra. The public notice provided for by Art. 6705 has to do with the establishment, discontinuance or change of

a public road for the use and benefit of "people living on or in the vicinity thereof, while Article 6711 deals with the situation where the passway is a 'neighborhood road' and may benefit only one individual." Luck v. Welch, supra [243 S.W.2d 591].

Art. 6711 provides that the damages shall be assessed by a jury of freeholders "as for other public roads". Art. 6709 provides that the jury of view shall issue written notice of the time when they will lay out the road "or when they will assess the damages incidental to the opening of the same", and provides that such notice shall be served on each landowner, through whose land the road may run, at least five days before the day named therein, and also provides for notice to nonresidents which is not applicable here.

■ The record shows that the commissioners' court had selected as the most practical location for the road a route designated by Naumann's application. It also shows that the jury of view issued its notice that it would meet at the "above described road" on July 16, 1952, and

"You, as landowner, through whose land said road may run, may at the time of the meeting of this Jury of View above stated, or previous thereto, but not, in any event, thereafter, present to the undersigned Jury of View a written statement of the damages claimed by you incidental to the establishment of said road. You may also, at said above mentioned time, appear before us and be heard and present any evidence which you may desire."

The jury of view did meet on appellants' land on July 16, 1952 and appellants presented their written objections and a written statement that their damage was $3000. Also at that time appellants' attorney made known to the jury of view that they wanted to present evidence after the road was located. The jury of view then proceeded to view separate routes for the proposed road being accompanied by appellant W. L. Phillips. A later hearing was not afforded appellants, but the jury proceeded to view the

road and assessed the damage at $1725. The road (as established by the commissioners) was surveyed by a surveyor on July 23, 1952, and on August 11, 1952 the commissioners' court approved the report of the jury of view and ordered the sum of $1725 deposited with the county treasurer to the account of appellants. The jurisdictional requirements of the statute were followed and there was a substantial compliance with its procedural requirements, if in fact the same (procedural requirements) were not waived. This is all that is required. Haverbekken v. Coryell County, 112 Tex. 422, 247 S.W. 1086; Bradford v. Moseley, supra.

■ Appellants attack the sufficiency of the description of the proposed road contained in Naumann's application and in the order appointing the jury of view.

We have already stated the description contained in the application. The description contained in the order complained of is:

"* * * commencing at the point where the present community road leaves the land of H. A. Barnett and enters the land of W. L. Phillips, and Mary Nash Phillips, his wife in Precinct No. 4 and ending at the boundary lines of land owned by W. H. Naumann in Precinct No. 4, and said proposed neighborhood road being more fully described in said above mentioned petition, to which reference is hereby made for a more particular description of said road."

In Haverbekken v. Coryell County, supra, [112 Tex. 422, 247 S.W. 1088] the Court said:

"Technical precision is not required in designating the termination of a proposed road. If the description is such that the termination designated therein can be located with reasonable certainty by persons familiar with the locality and such that the same can be located, if necessary, by a surveyor by applying the description found in the petition to the situation found on the ground, it will be deemed sufficient. (Citing cases.) In an attack on the sufficiency

of the description given in a petition after the road has been located, the whole proceeding may be looked to in determining the issue".

We think the descriptions were sufficient. It cannot be disputed that the beginning and ending points of the road were in fact found on the ground and that the road was actually surveyed by the surveyor from and to such points.

What we have already said is sufficient to show that facts were alleged and proved sufficient to show a necessity for the road under Art. 6711, and that, as interpreted by the commissioners, that statute is not unconstitutional as authorizing the taking of private property for private use. In Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 83, 130 A.L.R. 1053, the Court said:

"The question of what is a public use is a question for the determination of the courts; however, where the legislature has declared a certain thing to be for a public use, such declaration of the legislature must be given weight by the courts. In the case of West v. Whitehead [Tex.Civ.App.], 238 S.W. 976, 978, writ of error refused, the court say: 'Where the Legislature declares a particular use to be public use the presumption is in favor of this declaration, and will be binding upon the courts unless such use is clearly and palpably of a private character'".

In 29 C.J.S. Eminent Domain, § 34, p. 831, it is said that statutes authorizing the taking of land for neighborhood roads are valid if the road when laid out "is in fact a public road, open to all who may desire to use it, it is a public use * * * although the road is primarily designed for the benefit of an individual".

The application not only invoked the jurisdiction of the commissioners' court to act but to exercise its discretion. An abuse of such discretion is not shown and it cannot be said that the evidence shows that the action of the commissioners was fraudulent, capricious and arbitrary

LCRA had the right to condemn Naumann's land for Granite Shoals Lake and the taking of the land for that purpose was for a public use. The fact that Naumann did not resist that taking but voluntarily conveyed a part of his land and retained a part with the result that he afterwards found himself living within an inclosure does not estop him from availing himself of the benefits of Art. 6711. Generally estoppel is not an element in condemnation proceedings. 16 Tex.Jur., § 68, p. 654.

The fact that Naumann elected to retain the 31.8 acre tract and knew that his only road out would be inundated by the lake may be said to have been sufficient to put him on notice that he would have to rely on Art. 6711 for a road. In this sense it may be said he has elected to rely on his right to apply for a road under Art. 6711. However the transaction does not bring him within the rule discussed in Leathers v. Craig, Tex.Civ.App., 228 S.W. 995, 999, relative to a partition of real estate among heirs and holding that such partition " 'carried with it by implication the same right of way from one part to and over the other as had been plainly and obviously enjoyed by the common ancestor, in so far as it is reasonably necessary for the enjoyment of each part.' " We think Naumann is not estopped by election of remedies to apply for the road. Payton v. Travis County, Tex.Civ.App., 129 S.W.2d 361, error dism., judgm. cor.

Since we have held that the proceedings for the opening of the road are valid an injunction to restrain the opening of the road will not issue and appellants have an adequate remedy at law to recover damages for injuries to their land. Duvall v. City of Dallas, Tex.Civ.App., 27 S.W.2d 1105, error ref. There they may present evidence of their damage after the road has been located. The trial court did not err in refusing to determine the question of damages.

It appears that appellants have taken an appeal to the county court on the question of their damages. It also appears

that W. H. Naumann has agreed with the commissioners' court to pay the cost of opening the road and reasonable damage to appellants. Sec. 4 of Art. 6711 provides that the county shall pay all costs of opening the road. This agreement does not relieve the county of its obligation and does not affect the validity of the proceedings. McClintock v. Bovay, 163 Ark. 388, 260 S.W. 395.

The judgment of the trial court is affirmed.