**BURLESON COUNTY, Appellant,**

v.

**Mrs. Eda GIESENSCHLAG et al., Appellees.**

No. 13888.

Court of Civil Appeals of Texas,
Houston.

Feb. 8, 1962.

Rehearing Denied March 1, 1962.

C. W. Karisch, Hempstead, for appellant.

Walter M. Hilliard, Caldwell, Charles C. Smith, Jr., Cameron, for appellees.

WERLEIN, Justice.

This is an appeal by Burleson County, Texas from a judgment dismissing its condemnation suit on the ground that the County Court did not have jurisdiction. In response to appellant's request for Findings of Fact and Conclusions of Law, the court found that the suit was based on two resolutions of the Commissioners Court which were set out in full, and concluded that said resolutions, separately or together, were insufficient to confer jurisdiction on the court. The court did not state wherein such resolutions were insufficient.

It is not contended by appellee that the resolution of March 13, 1961 referred to in the petition for condemnation, and which was duly and unanimously adopted, does not accurately describe the land sought to be condemned and the owners thereof. It will suffice to say that such resolution conforms to statutory requirements, particularly Articles 3264 and 3264a of Vernon's Annotated Texas Statutes. It states in substance that the Commissioners Court found it necessary that the County acquire for public road purposes, in re-opening of the public road in question, a certain strip of land described by metes and bounds; that all attempts to agree with the owners (naming appellees) on a price for such right of way had been unsuccessful, and that further negotiations in that regard would be useless; and that it was necessary that condemnation proceedings be instituted to acquire such strip of land for public road purposes. The court then ordered that C. W. Karisch be and he was authorized and directed on behalf of the county to institute condemnation proceedings for the purpose of acquiring an easement along and over said strip of land for public road purposes.

■ We have carefully examined the resolution and find that it is sufficient and in proper form. The allegation in the peti-

tion filed in the County Court to the effect that the easement is for the purpose of opening, constructing and maintaining a permanent public road, and the allegation in the order of the Commissioners Court that it is necessary to acquire for public road purposes, in re-opening said road, the strip of land in question, do not constitute a material discrepancy or one that goes to the jurisdiction of the court. There is no necessary variance and certainly no fatal variance resulting from the use of the words "open" and "re-open," since either might be applied to opening a road that had been abandoned or closed.

An earlier resolution of the Commissioners Court indicates that there was a road apparently along and over the same strip which the County sought to condemn, but it is not shown whether such road was abandoned. It is shown, however, that such road was closed and obstructed by fences and that three or more freeholders and owners of land were being deprived of public means of access to their property by reason thereof. The resolution, which was adopted by the Commissioners Court prior to the resolution or order ordering condemnation of the strip of land in question, merely ordered that necessary steps be taken to re-open said road.

■ We think there can be no question that a county under Art. 3264a, V.A.T.S., may condemn a public road that has been abandoned or closed and obstructed by fences preventing use thereof. It may by means of condemnation proceedings open, re-open, construct, reconstruct, straighten, widen or otherwise improve a road for public purposes when the Commissioners Court finds it necessary to do so. "The power of eminent domain may be exercised to widen or otherwise improve an existing highway, * * *." 29 C.J.S. Eminent Domain § 33, p. 829; Barnhart v. City of Grand Rapids, 1926, 237 Mich. 90, 211 N.W. 96; Sherlock v. Mobile County, 241 Ala. 247, 2 So.2d 405; Galveston, H. & S. A. Ry. Co. v. Baudat, 18 Tex.Civ.App. 595, 45 S.W. 939; Thompson

v. Janes, Tex.Civ.App., 245 S.W.2d 718, aff'd 1952, 151 Tex. 495, 251 S.W.2d 953; Pois v. Sharman, Tex.Civ.App., 296 S.W. 665, error ref.

 All of the statutory requirements antecedent to the hearing in court were complied with. The matters complained of by appellees in their objections to the award of the commissioners in the main part involve issues of fact which should be determined by the trial court when the case is tried on the merits. They do not go to the jurisdiction of the court to hear and determine such issues. The matter of determining the necessity for the construction and location of public roads of the kind in question is left to the sound discretion of the Commissioners Court. The appellate courts have repeatedly held that the judgments of the Commissioners Courts in all matters over which they are given jurisdiction by the Constitution and Statutes are entitled to the same consideration as those of other courts provided by the Constitution. Tarrant County v. Shannon, 1937, 129 Tex. 264, 104 S.W.2d 4, and authorities cited.

Some of the objections made by appellees would be pertinent and perhaps controlling if the condemnation proceedings in question had been brought under Articles 6702–6716, V.A.T.S. This proceeding, however, was brought under Article 3264a, V.A.T.S., and hence Articles 6702–6716 do not in any way control. Tarrant County v. Shannon, supra.

We do not agree with appellees that the Commissioners Court may not employ an attorney for the purpose of instituting and prosecuting a condemnation suit. There is no statute requiring that the county attorney represent the county in such matter. City Nat. Bank v. Presidio County, Tex.Civ.App.1894, 26 S.W. 775; Grooms v. Atascosa County, Tex.Civ.App., 32 S.W. 188; Gibson v. Davis, Tex.Civ.App.1921, 236 S.W. 202; Art. 334, V.A.T.S. Furthermore, the agreement of the interested landowners with the Commissioners Court to reimburse Burleson County for the costs of acquiring the right of way along the road the County seeks to re-open, does not affect the validity of the condemnation proceedings. Phillips v. Stockton, Tex.Civ.App. 1954, 270 S.W.2d 266, reversed on other grounds, 275 S.W.2d 464; McClintock v. Bovay, 1924, 163 Ark. 388, 260 S.W. 395.

Reversed and remanded.