

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 27, 1962

Hon. Steve Hurt
County Attorney
Hale County
Plainview, Texas

Dear Mr. Hurt:

Opinion No. WW-1368

Re: Does a Commissioners
Court have the authority
to establish a public
road under Article 6711,
V.C.S., if the applicant
for said road resides on
the land into which there
is now no public road or
public access?

You have asked for the opinion of this office as to
whether or not the Commissioners Court of Hale County has au-
thority to establish a public road under Article 6711, V.C.S.,
if the applicant for said road resides on the land to which
there is now no public road or public access.

A portion of Article 6711 is quoted:

"Any lines between different persons
or owners of lands, any section line, or any
practicable route, practicable route as used
herein, shall mean a route which will not un-
duly inconvenience the owners or persons oc-
cupying the land through which such route
shall be declared, that the Commissioners
Court may agree on in order to avoid hills,
mountains or streams through any and all en-
closures, shall be declared a public highway
on the following conditions:

"   . . .

"3.  At a regular term of the court, after
due service of such notice, the court may hear
evidence as to the truth of such application, and
if it appears that the said applicants have no
means of access to their lands and premises, it
may issue an order declaring the lines designated
in the application, or such lines as may be fixed
by the Commissioners Court, to be a public high-
way, and direct the same to be opened by the owners

thereof. . . ."

Prior to its amendment in 1953, Article 6711 authorized the Commissioners Court to act thereunder "if the Commissioners Court deems said road of sufficient public importance." In a case that grew out of an order of a Commissioners Court entered under authority of this Article before the above quoted provision was deleted, this Article was held to be constitutional. Phillips v. Stockton, 270 S.W.2d 266 (Civ.App. 1954), reversed on other grounds 154 Tex. 153, 275 S.W.2d 464.

In the case of Maher v. Lassiter, ____ Tex. ____, 354 S.W.2d 923 (1962), it was held that in so far as this Article purports to authorize the taking of private property for private use it is unconstitutional. The fact situation which is the basis for this opinion request differs from that of Maher only in that the present petitioner resides with his family upon the land to which access is being denied. We must therefore examine Maher in an attempt to determine the precise effect of that decision.

In writing the Maher opinion, at page 925, Chief Justice Calvert stated:

"Prior to amendment by the Legislature in 1953, Article 6711 authorized Commissioners Courts to declare a roadway to be a public highway only if they deemed 'the road of sufficient public importance.' As so written the statute conditioned the taking of property upon a finding that it would be dedicated to a public use. By Acts 53rd Leg., p. 1054, ch. 438, the requirement for a finding that the road was of public importance was eliminated, and Commissioners Court are now authorized to declare a private roadway to be a public highway if applicants therefor wish it to be done and 'have no means of access to their lands and premises.' In so far as the amendment seeks to authorize the taking of private property for private use, it is unconstitutional and void."

Further, at page 925, Chief Justice Calvert discussed the Phillips case supra, and stated:

"We held that the evidence established that Naumann had access to his land over another road and that there was no necessity for the established road. In deciding that question we

assumed, but did not hold, that it is of
public importance that every person residing
on land be provided access to and from his
land so that he may enjoy the privileges and
discharge the duties of a citizen." /Sic7

We now have two primary cases dealing with the
constitutionality of Article 6711:  The Phillips case, which
held that the statute was constitutional, in its pre-1953
form, and the Maher case, which says that the statute after
1953 is unconstitutional in so far as the amendment seeks to
authorize the taking of private property for private use.
Both of these cases dealt with situations wherein the landowner
did not reside on his land.  In our present problem, the land-
owner does so reside.  We must also note that the Court, in
Maher, specifically avoided declaring the entire Article un-
constitutional; rather, the Court's language served to limit
the scope of Article 6711 by re-establishing the pre-1953
requirement that "the road be of sufficient public importance."
The court then proceeded to indicate, in strong dicta, that
it is of public importance that every person residing on land
be provided access to and from his land so that he may enjoy
the privileges and discharge the duties of a citizen.

In view of the foregoing, it is the opinion of this
office that the powers granted the Commissioners Court by Arti-
cle 6711, V.C.S., may be constitutionally exercised in the
situation outlined only if the said Commissioners Court makes
a finding that the road to be established would be of sufficient
public importance to warrant the taking of the land involved.

S U M M A R Y

The Commissioners Court has the authority to establish
a public road under Article 6711, V.C.S., if the said
Commissioners Court makes a finding based upon proper
facts, that the road to be established would be of
sufficient public importance to warrant the taking
of the land involved.

WILL WILSON
Attorney General of Texas

By:Malcolm L. Quick
          Assistant

MLQ:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Arthur Sandlin
Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore